MR. JUSTICE SHEA,
dissenting:
Since I have been on this Court, I have adhered to the view that the special jurisdiction of this Court should not be invoked where the party invoking it has an appeal whereby all the issues can be presented. I adhere to this view today. This case is too complex and too important to decide on a piecemeal basis — the choice of the majority.
*79 The decision to take jurisdiction rests not on the invocation of sound judicial principles, but rather on the use of raw judicial power to achieve the results sought by a majority of this Court. The invocation of a phrase which I have heard often within the inner sanctums of this Court aptly summarized the decision to take jurisdiction: If we are to say aye, who is there to say nay?”
The emergency provisions stated in Rule 17, do not apply here, the majority pronouncement, notwithstanding. First, that a decision may affect many people throughout this state is no basis for assuming jurisdiction. Many cases we decide affect people in this state in one way or another, and yet we normally do not let the parties involved bypass the normal appeal procedures. Moreover, a decision not to take jurisdiction would ultimately place this Court in a much better position to reach a decision based on an understanding of the entire case.
Second, the delay involved in not taking jurisdiction will not work irreparable harm upon the utility, for it is but a normal risk of business that an appeal must start in the District Court before it can get to the Supreme Court. The fact that if the utilities later win in the District Court or before this Court, they cannot recoup their lost revenues incurred during the time delays, is simply a cost of doing business, a cost that all utilities other than the Montana Power Company seem to be required to bear. If this Court believes irreparable harm is proved by a utility’s inability to recoup losses during the judicial delays, then every utility in this state should have the same right to bypass appeals to District Court and to come straight to this Court for its requested relief.
Third, the order says that judicial economy “may” be promoted, but nothing in the order indicates where judicial economy “may” be furthered. Nor is the possibility that judicial economy “may” be furthered sufficient reason for this Court to assume jurisdiction. This Court should be convinced that, and its order should set out, precisely how judi *80 cial economy will be promoted. Depending on the proceedings involved and the state of the record, it is just as likely that this Court’s constant intervention and interruption of the normal process of judicial proceedings will have the effect of delaying and muddling the record beyond redemption.
Nor do I have the slightest idea of what is in the mind of those signing the majority order where they state they are reluctant to discuss another basis for jurisdiction for fear of disclosing their hands on the substantive issue itself. If the majority has unstated reasons for assuming jurisdiction, it appears that they have decided the substantive issue in their own mind, despite their protestations to the contrary.
Finally, in defining the issue the Court will decide, those signing the majority order use the broadest possible language in stating or defining the issue. What is meant by the issue being stated as “whether the certificate issued by the Board of Natural Resources and Conservation is conclusive and binding on the Public Service Commission?” Conclusive and binding on all facts or issues decided, or conclusive and binding on more limited facts or issues decided?
Further, the order of the majority mistakenly states that the substantive issue being litigated is whether Colstrip No. 3 should be included in the rate base. As framed by the application and briefs submitted to this Court, the sole substantive issue presented is whether the determination of need made almost ten years ago by the Board of Natural Resources and Conservation was intended by this State’s legislature to encompass all of the considerations implicit in the PSC’s subsequent determination of used and useful, and whether the Board of Natural Resources and Conservation’s decision was thereby intended to preclude any further consideration by the PSC of the need for Colstrip No. 3’s power. Even if this Court does decide that the Board of Natural Resources and Conservation has the sole legislative authority to determine the need for Colstrip No. 3’s power, the issue of whether the PSC is obligated, pursuant to sec *81 tion 69-3-109, MCA, to include any of the cost of Colstrip No. 3 in the rate base will be left undecided, as this issue has not been presented to this Court. Again, this is the danger with bringing a case as vast and complex as the present before this Court on a piecemeal basis. With nothing more before it than mere allegations of emergency, this Court has decided to forego the benefits of a complete, informative record and a clear and exhaustive determination of the substantive issues.